# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AIP ACQUISITION LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| TIME WARNER CABLE INC., TIME WARNER CABLE LLC, TIME WARNER ENTERTAINMENT COMPANY, L.P., TWC COMMUNICATIONS, LLC, and TWC DIGITAL PHONE LLC, | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AIP Acquisition LLC ("AIP") by way of this Complaint against Time Warner Cable Inc., Time Warner Cable LLC, Time Warner Entertainment Company, L.P., TWC Communications, LLC, and TWC Digital Phone LLC (collectively, "TWC" or "Defendants") hereby alleges with knowledge with respect to its own acts and upon information and belief with respect to all others:

## PARTIES

1. AIP is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024. AIP may be served with process via its registered agent, Capitol Services, Inc., 1675 S. State Street Suite B, Dover, DE 19901.

2. Time Warner Cable Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 60 Columbus Circle, New York, New York 10023. Time Warner Cable Inc. may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Time Warner Cable LLC is a Limited Liability Company organized and existing under the laws of the State of Delaware, with a principal place of business at 60 Columbus Circle, New York, New York 10023. Time Warner Cable LLC may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Time Warner Entertainment Company, L.P. is a Limited Partnership organized and existing under the laws of the State of Delaware, with a principal place of business at 60 Columbus Circle, New York, New York 10023. Time Warner Entertainment Company, L.P. may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5. TWC Communications, LLC is a Limited Liability Company organized and existing under the laws of the State of Delaware, with a principal place of business at 60 Columbus Circle, New York, New York 10023. TWC Communications, LLC may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6. TWC Digital Phone LLC is a Limited Liability Company organized and existing under the laws of the State of Delaware, with a principal place of business at 60 Columbus Circle, New York, New York 10023. TWC Digital Phone LLC may be served with process via

its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.     Time Warner Cable, Inc. is the direct or indirect parent of each of Time Warner Cable LLC, Time Warner Entertainment Company, L.P., TWC Communications, LLC, and TWC Digital Phone LLC.

8.     Time Warner Cable, Inc. owns and operates cable systems in the United States through one or more of its subsidiaries, affiliates, partners, or other related parties.

## JURISDICTION AND VENUE

9.     This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271.

10.    This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

11.    This Court has personal jurisdiction over Defendants. Defendants are organized and existing under the laws of the State of Delaware.

12.    Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants reside in this judicial district.

## FACTUAL BACKGROUND

*AIP and the Patents*

13.    The members of AIP are former shareholders of Arbinet Corporation ("Arbinet"). Arbinet, a public company, was founded in 1996 by Alex Mashinsky, an entrepreneur and named inventor on over fifty patent applications. Since then, Mr. Mashinsky has launched several other successful telecommunications and transportation companies, including Transit Wireless, the

exclusive provider of certain wireless services to commuters in the New York City subway system.

14. Arbinet is a leading wholesale international voice and data communications service provider, operating an electronic market for cost-effective and efficient trading, routing and settling of communications capacity. Arbinet owned a significant telecommunications patent portfolio, including a number of Mr. Mashinsky's patents.

15. In late 2010, Arbinet was acquired by another entity. Subsequently, a majority of Arbinet shareholders organized AIP, and acquired Arbinet's portfolio of patents and patent applications. The patent in suit is part of this portfolio.

16. One of AIP's communications patents is at issue here. This patent concerns a method for efficient communication through networks. Mr. Mashinsky is the named inventor on this patent.

17. On May 25, 2010, the United States Patent and Trademark Office issued United States Patent No. 7,724,879 ("the '879 Patent") on the communication between two telecommunication nodes involving a transmission that includes, *e.g.*, a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network; converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node. The '879 Patent is entitled EFFICIENT COMMUNICATION THROUGH NETWORKS. A copy of the '879 Patent is attached as Exhibit A.

18. AIP is the assignee of the '879 Patent.

*TWC's Infringing Services*

19. Defendants and/or one or more of their affiliates make, use, offer for sale, and/or sell within the United States at least the following infringing communications services:

a. Digital Home Phone Service;

b. Business Class Phone Service; and

c. Business Class PRI Service.

20. The communications services identified in Paragraph 19 provide communication between two telecommunication nodes involving a transmission that includes a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network; converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node.

21. Discovery may show that Defendants make, use, offer for sale, and/or sell additional infringing communications services.

## CLAIMS FOR RELIEF

### Count I: Infringement of the '879 Patent

22. AIP repeats and re-alleges Paragraphs 1-21 as if fully set forth herein.

23. TWC, through at least the services identified in Paragraph 19, has been and still is infringing the '879 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '879 Patent, including at least Claim 1 of the '879 Patent.

24. As a direct and proximate result of TWC's acts of infringement, AIP has been, is being, and will be damaged. Consequently, AIP is entitled to compensation for its damages from

TWC under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

## DEMAND FOR JURY TRIAL

25. AIP requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, AIP respectfully asks the Court for the following relief:

(i) A judgment declaring that TWC has infringed the '879 Patent as alleged herein;

(ii) A judgment awarding AIP damages under 35 U.S.C. § 284;

(iii) A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(iv) A judgment and order awarding AIP pre-judgment and post-judgment interest on the damages awarded; and

(v) Such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| December 11, 2012 | BAYARD, P.A. |
| OF COUNSEL: | /s/ Stephen B. Brauerman |
| | Richard D. Kirk (rk0922) |
| COHEN & GRESSER LLP | Stephen B. Brauerman (sb4952) |
| Karen H. Bromberg | 222 Delaware Avenue, Suite 900 |
| Francisco A. Villegas | P.O. Box 25130 |
| Damir Cefo | Wilmington, Delaware 19899 |
| 800 Third Avenue | rkirk@bayardlaw.com |
| New York, New York 10022 | sbrauerman@bayardlaw.com |
| kbromberg@cohengresser.com | (302) 655-5000 |
| fvillegas@cohengresser.com | |
| dcefo@cohengresser.com | |
| (212) 957-7600 | |
| | *Attorneys for AIP Acquisition LLC* |