IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 12-1692-GMS |
| v, | ) |
| | ) |
| TIME WARNER CABLE INC., TIME | ) JURY TRIAL DEMANDED |
| WARNER CABLE ENTERPRISES LLC, | ) |
| TWC COMMUNICATIONS, LLC, and | ) |
| TWC DIGITAL PHONE LLC, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO AIP'S AMENDED COMPLAINT

Time Warner Cable Inc., Time Warner Cable Enterprises LLC, TWC Communications, LLC and TWC Digital Phone LLC (collectively "TWC"), by their undersigned counsel, respond to the allegations asserted in the Amended Complaint of AIP Acquisitions LLC ("AIP") as follows, denying those allegations and averments except those that are expressly admitted herein:

### PARTIES

1. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 of the Amended Complaint, and on that basis denies those allegations.

2. Time Warner Cable Inc. admits the allegations made in paragraph 2 of the Amended Complaint that it is a Delaware corporation with a principal place of business at 60 Columbus Circle, New York, NY 10023.

3. Time Warner Cable Enterprises LLC admits the allegations made in paragraph 3 of the Amended Complaint that it is a Delaware Limited Liability Company with a principal place of business at 60 Columbus Circle, New York, NY 10023.

4. TWC Communications, LLC admits the allegations made in paragraph 4 of the Amended Complaint that it is a Delaware Limited Liability Company with a principal place of business at 60 Columbus Circle, New York, NY 10023.

5. TWC Digital Phone LLC admits the allegations made in paragraph 5 of the Amended Complaint that it is a Delaware Limited Liability Company with a principal place of business at 60 Columbus Circle, New York, NY 10023.

6. Time Warner Cable Inc. admits the allegations made in paragraph 6 of the Amended Complaint that it is the direct or indirect parent of TWC Communications, LLC and TWC Digital Phone LLC. TWC denies the remaining allegations of paragraph 6 of the Amended Complaint.

7. Time Warner Cable Inc. admits the allegations made in paragraph 7 of the Amended Complaint that it owns and operates cable systems in the United States through one or more of its subsidiaries, affiliates, partners, or other related parties.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Amended Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 8 contains factual allegations to which a response is required, those allegations are denied.

9. Paragraph 9 of the Amended Complaint sets forth legal conclusions for which no response is required. To the extent paragraph 9 contains factual allegations to which a response is required, those allegations are denied.

10. To the extent the allegations of paragraph 10 of the Amended Complaint are legal conclusions, no response is required or provided. TWC does not contest personal jurisdiction in this district for purposes of this action.

11. Paragraph 11 of the Amended Complaint sets forth legal conclusions for which no response is required. For purposes of this action, TWC does not challenge the propriety of venue in this Judicial District, but TWC reserves the right to move to transfer to a more convenient forum.

## FACTUAL BACKGROUND

12. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 12 of the Amended Complaint, and on that basis denies those allegations.

13. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 13 of the Amended Complaint, and on that basis denies those allegations.

14. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 14 of the Amended Complaint, and on that basis denies those allegations.

15. TWC admits that United States Patent No. 7,724,879 ("the '879 Patent") indicates on its face that Alexander Mashinsky is the named inventor. TWC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 15 of the Amended Complaint, and on that basis denies those allegations.

16. TWC admits the '879 Patent indicates on its face both that it issued on May 25, 2010 and that it is entitled "Efficient Communication Through Networks." TWC admits that what appears to be a copy of the '879 Patent was attached to the Amended Complaint as Exhibit A. TWC lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations made in paragraph 16 of the Amended Complaint, and on that basis denies those allegations.

17. TWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 17 of the Amended Complaint, and on that basis denies those allegations.

### *AIP's Allegations of Infringement By TWC's Services*

18. Denied.

19. Denied.

20. Denied.

### COUNT I

21. TWC restates and realleges its responses to paragraphs 1-20 of the Amended Complaint and incorporates them herein by reference.

22. Denied. TWC is not infringing and has not infringed the '879 Patent.

23. Denied. TWC is not infringing and has not infringed the '879 Patent, and AIP is not entitled to any relief whatsoever with respect to TWC.

### DEMAND FOR JURY TRIAL

24. TWC admits that AIP has demanded a jury trial.

### PRAYER FOR RELIEF

TWC denies that AIP is entitled to the relief requested in AIP's prayer, and to the extent that such prayer contains factual allegations, such allegations are denied. AIP's prayer for relief should be denied, with prejudice, in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

TWC sets forth the following affirmative and other defenses. TWC does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff AIP bears the burden. TWC reserves the right to add additional defenses (and counterclaims), including (but not limited to) those related to the unenforceability of the '879 Patent based on inequitable conduct, as TWC learns additional facts.

## FIRST DEFENSE

25. Each of the claims of the '879 Patent is invalid for failure to satisfy the requirements and conditions for patentability set forth in the Patent Act, 35 U.S.C. § 1, *et seq.*, including (but not limited to) those set forth in sections 101, 102, 103 and/or 112 of Title 35 of the United States Code.

## SECOND DEFENSE

26. TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '879 Patent and it has not done so in the past. TWC also does not contribute to or induce infringement of the '879 Patent and it has not done so in the past. TWC does not infringe, and has not in the past infringed, either directly, indirectly, literally or under the doctrine of equivalents, the '879 Patent.

## THIRD DEFENSE

27. The Amended Complaint's claims are barred by the doctrines of waiver, laches, unclean hands, estoppel and/or other equitable doctrines.

## FOURTH DEFENSE

28. AIP does not plead compliance with the patent marking requirements of 35 U.S.C. § 287(a). AIP is therefore barred from receiving any recovery from TWC for any alleged

infringement of the '879 Patent which occurred prior to TWC's receipt of actual notice of its alleged infringement.

### FIFTH DEFENSE

29. The Amended Complaint fails to state a claim upon which relief can be granted.

### SIXTH DEFENSE

30. To the extent that AIP either did not have the sole power to enforce the '879 Patent as of the filing date of the Amended Complaint or improperly obtained whatever ownership rights it did have in the '879 Patent, AIP lacks standing to bring this lawsuit.

### TWC'S PRAYER FOR RELIEF

WHEREFORE, TWC prays that:

a) The Court dismiss all of AIP's claims against TWC with prejudice;

b) The Court declare invalid each of the claims of the '879 Patent;

c) The Court declare that TWC does not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any of the claims of the '879 Patent and has not done so in the past, and that TWC therefore and otherwise does not directly infringe the '879 Patent and has not done so in the past;

d) The Court declare that TWC does not contribute to or induce infringement of the '879 Patent and has not done so in the past, and that TWC therefore and otherwise does not indirectly infringe the '879 Patent and has not done so in the past;

e) The Court declare unenforceable each of the claims of the '879 Patent;

f) TWC be awarded its costs in this action;

g) TWC be awarded its attorneys fees pursuant to 35 U.S.C. § 285; and

h)      TWC be awarded such other and further relief as this Court deems is just and proper.

### DEMAND FOR JURY TRIAL

TWC requests a jury trial, pursuant to Federal Rule of Civil Procedure 38(b), of any issues that may be tried to a jury.

|  |  |
|---|---|
| Of Counsel:<br>David S. Benyacar<br>Daniel L. Reisner<br>David Soofian<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, NY  10022-3598<br>(212) 836-8000<br><br>Dated: February 22, 2013 | /s/ Kelly E. Farnan<br>Kelly E. Farnan (#4395)<br>farnan@rlf.com<br>Katharine C. Lester (#5629)<br>lester@rlf.com<br>Richards, Layton & Finger, P.A.<br>920 N. King Street<br>One Rodney Square<br>Wilmington, DE  19801<br>(302) 651-7700<br>*Attorneys for Defendants* |